HERBERT BRUSH MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15784.   Promulgated March 1, 1929.

*James J. O'Byrne, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

674

OPINION.

SIEFKIN: The petitioner in 1911 filed a petition in bankruptcy and effected a settlement with creditors on the basis of 25 per cent of the amount of each of their claims. In 1918 the petitioner paid the remaining .75 per cent of such claims, amounting to $42,818.94. The officers of petitioner, in the early part of 1918, made oral promises to pay some of these creditors in order to establish and maintain the petitioner's future good will and credit standing. The petitioner claimed the amount of $42,919.94 as a deduction in the year 1918. The respondent disallowed the whole amount as a deduction.

An examination of the authorities leads to some doubt as to whether a payment of the amount of a debt which has been discharged by bankruptcy proceedings is payment of the old obligation or is payment of a new obligation. However, in the instant proceeding, the point is not material. If the payment be considered payment of the old obligation it is not deductible, since petitioner was upon the accrual basis in both the years 1911 and 1918, and the payment in 1918 would be for obligations accrued in prior years.

If, on the other hand, it be considered not a payment of the old obligation, then at best it represents consideration for good will and credit expected to arise from the payment of the moral obligation. The benefit anticipated from such payment was an improved credit reputation or standing, i. e., an intangible asset with a probable life coextensive with the business. As such it does not represent a current transaction for income-tax purposes.

We approve the action of the respondent in disallowing as a deduction the amount of $42,818.94.

The remaining question is whether the respondent erred in disallowing an amount of $200,000, a part of the amount claimed by the petitioner as a deduction for officers' salaries.

The board of directors of petitioner, on January 10, 1918, voted the following salaries:

| Name | Office | Compensation |
|---|---|---|
| John F. Herbert, sr | President | $75,000 |
| Joseph M. Herbert | Vice president | 50,000 |
| John F. Herbert, jr | Secretary | 35,000 |
| Albert A. Herbert | Treasurer | 45,000 |
| Leo F. Herbert | Assistant secretary and assistant treasurer | 35,000 |
| Total | | 240,000 |

The respondent has allowed the above amounts as deductions as being reasonable compensation of officers. The remaining $200,000 which was disallowed by respondent as a deduction was composed of commissions and additional salaries.

John F. Herbert, Sr., received an additional amount of $50,000 as commissions on purchases of materials. This commission was provided for in a contract between John F. Herbert, Sr., and the petitioner on December 23, 1917.

Joseph M. Herbert and Albert A. Herbert during 1918 received orders totaling about $1,031,749.18, upon which each received $50,000 commission. Their commission was provided for in a contract dated December 23, 1917. The evidence discloses that the rate of 10 per cent commission which Joseph M. Herbert and Albert A. Herbert received was the usual rate of commission received by salesmen in this business. We hold that the commissions received by John F. Herbert, Sr., Joseph M. Herbert, and Albert A. Herbert constituted reasonable additional compensation for services rendered.

However, the record does not show that the additional amounts of $25,000 each received by John F. Herbert, Jr., and Leo F. Herbert were reasonable. To this extent the presumption of the correctness of the respondent's determination has not been overcome. We hold that the amount of $390,000 is a reasonable deduction as compensation for petitioner's officers.

*The cause will be restored to the calendar for further proceedings under Rule 62.*